IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT KENNEDY,**

       **Plaintiff,**

                                    **Case No. 2:11-cv-150**
   **v.**                                   **JUDGE GREGORY L. FROST**
                                    **Magistrate Judge Mark R. Abel**

**UNITED STATES OF AMERICA**
**VETERANS ADMINISTRATION, et al.,**

       **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to dismiss (ECF No. 15) field by Defendant the United States of America, a memorandum in opposition (ECF No. 25) filed by Plaintiff, a reply memorandum (ECF No. 27) filed by Defendant, a notice of supplemental authority (ECF No. 29) filed by Defendant, a response to the supplemental authority (ECF No. 31) filed by Plaintiff, and a reply to the response (ECF No. 32) filed by Defendant. For the reasons that follow, this Court must find the motion well taken.

**I. Background**

Plaintiff, Robert Kennedy, is a resident of the State of Ohio who was receiving medical care in 2006 at the Veterans Administration Medical Center in Cincinnati, Ohio. On November 21, 2006, Plaintiff received an endoscopic sphenopalative artery ligation. Plaintiff alleges that he was never advised of the possible adverse consequences of this surgery, that he failed to give his informed consent to the procedure, and that as a result of negligence, he sustained damage to all three branches of his trigentital nerve.

Plaintiff unsuccessfully sought to obtain relief via an administrative claim that was

denied in August 2010.  Plaintiff then filed the instant action on February 18, 2011, asserting a medical malpractice claim under the Federal Tort Claims Act ("FTCA").  Defendant the United States of America has filed a motion to dismiss on behalf of all named defendants.[1]  The parties have completed briefing on the motion to dismiss, which is ripe for disposition.

## II.  Discussion

Defendant moves for dismissal under Federal Rules of Civil Procedure 12(b)(1), which provides that an action may be dismissed for lack of subject matter jurisdiction.  Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ."  *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).  *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction").

Rule 12(b)(1) motions to dismiss based upon a lack of subject matter jurisdiction generally come in two varieties, either facial or factual attacks on the complaint.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004).  A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading.  *Id.*  In reviewing such a

---

[1] Originally, the Complaint named as defendants the United States of America Veterans Administration and doctors Matthew Hearst, Christopher Savage, and Lee Zimmer.  The United States of America subsequently filed a notice substituting itself for Hearst and Savage.  (ECF No. 22.)  Plaintiff has to date failed to serve Zimmer, and the Magistrate Judge set an extended deadline for service.  (ECF No. 23, at 2.)

facial attack, a trial court takes the allegations in the complaint as true, a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). *See also Nat'l Ass'n of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002). As a result, this Court may weigh the evidence and resolve any factual disputes when adjudicating such a jurisdictional challenge. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004) (citing *Moir*, 895 F.2d at 269.

Defendant alternately moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth a claim upon which this Court can grant relief. The Court must construe the Complaint in favor of Plaintiff, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations presents a plausible FTCA claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d

545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

The United States Supreme Court has explained that "[t]he Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). Under federal law, Defendant is liable for a tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. *See also* 28 U.S.C.A. § 1346(b)(1) (providing jurisdictional grant for claims against the Government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). The statute of limitations for an FTCA claim is two years from accrual or six months after denial of a claim by the appropriate federal agency to which the claim was presented. 28 U.S.C. § 2401(b). Under Ohio law, however, the statute of repose for a medical malpractice claim is four years. Ohio Rev. Code § 2305.113(C)(1). Defendant initially asks for dismissal on the grounds that the state statute of repose for medical malpractice applies to and bars Plaintiff's FTCA claim.

It is well settled that "[t]he liability of the United States in actions under the Federal Tort

Claims Act is governed by the law of the place where the alleged tort occurred." *Ward v. United States*, 838 F.2d 182, 184 (6th Cir. 1988). Notably less settled is whether the applicable state law includes a state statute of repose. The parties disagree over whether Ohio's statute of repose applies to Plaintiff's FTCA claim and direct this Court to various non-binding cases intended to support their respective positions.

There is indeed no controlling authority on the FTCA-repose issue. Some judicial officers have found that state statutes of repose do not apply to FTCA actions. *See, e.g., Jones v. United States*, 789 F. Supp. 2d 883 (M.D. Tenn. 2011). Other judicial officers have applied state statutes of repose in FTCA cases. *See Huddleston v. United States*, No. 3-11-0223, 2011 WL 2489995, at *2-3 (M.D. Tenn. June 22, 2011);[2] *West v. United States*, No. 08-646-GPM, 2010 WL 4781146, at *4-5 (S.D. Ill. Oct. 25, 2010); *Anderson v. United States*, No. CCB–08–3, 2010 WL 1346409, at *3–4 (D. Md. Mar. 30, 2010); *Vega v. United States*, 512 F.Supp.2d 853, 859–61 (W.D. Tex. 2007); *Manion v. United States*, No. CV–06–739–HU, 2006 WL 2990381, at *2–9 (D. Or. Oct. 18, 2006).

This Court agrees with the holding of the latter cases. Defendant correctly notes that "Congress included only a statute of limitations in the FTCA and no statute of repose" and that "there is no evidence that Congress wished to occupy the field or impliedly preempt state law regarding statutes of repose." (ECF No. 27, at 3.) Aware that state law applied to FTCA claims under the statutory scheme it enacted, Congress elected to provide a statute of limitations for

---

[2] This Court finds it of no consequence that the *Huddleston* court distinguished the contrary *Jones* on the grounds that the plaintiff in *Jones* filed her administrative claim within the repose period while the plaintiff in *Huddleston* did not. *Huddleston*, 2011 WL 2489995, at *2 n.4. The key fact is whether the FTCA claim was filed within the repose period, and in the case *sub judice* it was not.

such claims, distinguishing FTCA claims from federal claims such as those asserted under 42 U.S.C. § 1983 in which state law provides a statute of limitations. The purposeful enactment of an applicable FTCA statute of limitations that rejected application of state limitations periods without similar explicit rejection of state law providing a statute of repose weighs against Plaintiff's argument that the federal statute of limitation preempts the state statute of repose. Congress can and has spoken to an issue when it desires preemption. It has not spoken to the repose issue here.

   Also unpersuasive is Plaintiff's argument that estoppel precludes Defendant from asserting the repose statute. Plaintiff posits the Defendant misled him into believing that he had until six months after the denial of his administrative claim to file his FTCA claim in this Court. Defendant complied with 28 C.F.R. § 14.9(a) in informing Plaintiff in its notification of final denial that he could file an action within six months of the mailing of the notification. This is hardly affirmative misconduct. Moreover, as Defendant notes, the notification statement "did not relieve or purport to relieve Plaintiff of his responsibility to satisfy other substantive state law requirements in order to maintain a cause of action pursuant to the FTCA." (ECF No. 27, at 7-8.)

   This Court is cognizant that the result of this analysis appears to be harsh. The Court also recognizes that, in theory, a federal agency could wait until an applicable state statute of repose has expired before denying an administrative claim and then argue that a plaintiff's FTCA claim was barred even though still within the post-denial, six-month federal statute of limitations. But assuming *arguendo* that equitable considerations could create estoppel, such demonstrated behavior may even still not constitute affirmative misconduct of the sort Defendant suggests

would preclude reliance on a statute of repose.[3]  Such conduct might also raise questions regarding whether application of the particular state statute of repose would be constitutional under an as-applied challenge in particular circumstances, *see, e.g., Ruther v. Kaiser*, No. CA2010-07-066, 2011 WL 1346836 (Ohio 12th Dist. Ct. App. Apr. 11, 2011), but that scenario does not inform whether a state statute of repose applies in the first place under the federal-state statutory scheme.  In any event, Plaintiff has not asserted a constitutional challenge under either the federal or state constitutions in this case.

Plaintiff's argument that application of the state statute of repose places Defendant in a better position than a private individual under like circumstances is incorrect.  A private individual can invoke the statute of repose.  The FTCA statutory scheme provides Defendant with the same right to extinguish a claim.  A contrary conclusion would mean that Defendant can be held liable where a private individual has evaded a claim, disturbing the expressed intent of the statutory scheme.  Congress can waive sovereign immunity as it sees fit.

The consequence of adopting by reference the better-reasoned cases finding state statutes of repose applicable to FTCA claims proves dispositive of Plaintiff's claim against Defendant. The allegedly negligent act or acts involved in this lawsuit occurred in November 2006.  Plaintiff did not file this action until February 2011.  Because Plaintiff did not file within the applicable four-year statute of repose and because Ohio law would not permit such a claim to proceed against a private individual under like circumstances, the Court must dismiss Plaintiff's claim

---

[3] A plaintiff could avoid such governmental conduct by taking advantage of 28 U.S.C.A. § 2675, which provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

against Defendant as barred.  *See Smith v. United States*, 430 F. App'x 246, 247 (5th Cir. 2011) (applying state statute of repose to bar FTCA claim filed beyond the period of repose).  Having reached this conclusion, the Court need not and does not reach Defendant's alternative grounds for dismissal.

### III.  Conclusion

The Court **GRANTS** Defendant's motion to dismiss.  (ECF No. 15.)  This leaves for discussion only the claim against Defendant Zimmer.  If Zimmer is Defendant's employee as Plaintiff suggests, the claim falls under today's rationale and the issue of lack of service is irrelevant.  If Zimmer is an independent contractor as Defendant suggests, then there is no action because the FTCA does not provide a mechanism for such a claim.  Thus, Plaintiff's request for discovery is not well taken and, because either factual possibility presents a scenario in which Plaintiff cannot proceed, the Court lacks jurisdiction regardless of service and the fact that Zimmer did not join the motion to dismiss.  The Court *sua sponte* dismisses that component of the action, if necessary.  *See* Fed. R. Civ. P. 12(h)(3).  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

 /s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE