**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ROBERT KENNEDY,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA VETERANS ADMINISTRATION, et al.,**

**Defendants.**

**Case No. 2:11-cv-150**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Mark R. Abel**

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss (ECF No. 45) field by Defendant the United States of America, a memorandum in opposition (ECF No. 46) filed by Plaintiff, and a reply memorandum (ECF No. 47) filed by Defendant. For the reasons that follow, this Court must find the motion well taken.

### I. Background

Plaintiff, Robert Kennedy, is a resident of the State of Ohio who was receiving medical care in 2006 at the Veterans Administration Medical Center in Cincinnati, Ohio. On November 21, 2006, Plaintiff received an endoscopic sphenopalative artery ligation. Plaintiff alleges that he was never advised of the possible adverse consequences of this surgery, that he failed to give his informed consent to the procedure, and that as a result of negligence, he sustained damage to all three branches of his trigentital nerve.

Plaintiff unsuccessfully sought to obtain relief via an administrative claim that was denied in August 2010. Plaintiff then filed the instant action on February 18, 2011, asserting a

medical malpractice claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Defendant the United States of America filed a motion to dismiss on behalf of all named defendants.[1] In a December 16, 2011 Opinion and Order, this Court granted the motion to dismiss on the grounds that Ohio Revised Code § 2305.113(C)(1), the state's statute of repose, rendered Plaintiff's claim time-barred. (ECF No. 38.) Plaintiff appealed, and during the pendency of that appeal the Ohio Supreme Court issued *Ruther v. Kaiser*, 134 Ohio St.3d 408, 983 N.E.2d 291 (Ohio 2012), a case in which the state court examined § 2305.113(C)(1). The Sixth Circuit Court of Appeals consequently reversed this Court's decision, explaining that "in light of *Ruther* . . . the statute of repose is not at play to bar the medical negligence claim under the FTCA or preclude subject matter jurisdiction." *Kennedy v. U.S. Veterans Admin.*, No. 1203049, 2013 WL 1693965, at *2 (6th Cir. Apr. 19, 2013).

Following remand, both sides agreed that additional motions practice was appropriate. (ECF No. 44.) Pursuant to this agreement, Defendant filed a second motion to dismiss. (ECF No. 45.) The parties have completed briefing on this latest motion to dismiss, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendant moves for dismissal under Federal Rules of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth a claim upon which this Court can grant

[1] Originally, the Complaint named as defendants the United States of America Veterans Administration and doctors Matthew Hearst, Christopher Savage, and Lee Zimmer. The United States of America subsequently filed a notice substituting itself for Hearst and Savage (ECF No. 22), and this Court later dismissed the claims against Zimmer (ECF No. 38, at Page ID # 206).

relief.[2] The Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations presents a plausible FTCA claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

Defendant argues that this Court should dismiss the complaint in its entirety because Plaintiff has failed to comply with Ohio Rule of Civil Procedure 10(D)(2)(a). That rule provides:

---

[2] Although Defendant also moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) and (b)(7), the standards associated with Defendant's arguments under these rules are irrelevant here given that the 12(b)(6) argument proves dispositive.

> [A] complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
>
> > (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
> >
> > (ii) A statement that the affiant is familiar with the applicable standard of care;
> >
> > (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Ohio R. Civ. P. 10(D)(2)(a). Plaintiff concedes that he has failed to attach an affidavit of merit to his complaint. Plaintiff argues that the lack of an affidavit does not matter, however, for multiple reasons.

Plaintiff first argues that the FTCA preempts the state affidavit requirement. Despite the considerable briefing related to this argument, the Court need not delve into the details of Plaintiff's reasoning because Sixth Circuit precedent forecloses finding preemption. In *Love v. United States*, No. 11-6313, 2013 WL 3869960 (6th Cir. July 29, 2013), the court of appeals recently addressed a similar affidavit requirement set forth in a Tennessee statute and affirmed a district court's application of the affidavit requirement in an FTCA case. It does not matter for this analysis whether the source of the affidavit requirement was a state rule or a state statute, because preemption would reach either source of the requirement. What matters is that the Sixth Circuit approved application of the state affidavit requirement in the FTCA context. This action implicitly punctures the preemption argument; if there was preemption, compliance with the

requirement would not have mattered and the appellate court would never have reached the merits of the affidavit issue, much less the result that the Sixth Circuit reached. Thus, although it did not discuss preemption expressly, the court of appeals' reaching the holding it did resolves the preemption issue by necessary implication.

Plaintiff next argues that, assuming there is no preemption, the lack of an affidavit does not matter because the state rule is a procedural rule and therefore does not apply to this action pursuant to the doctrine set forth in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Defendant argues that the affidavit of merit rule is substantive law that does not conflict with the Federal Rules of Civil Procedure, but instead supplements the Federal Rules.

Another judicial officer in a sister district has explained that

> [t]he Sixth Circuit has indicated that the *Erie* doctrine applies to FTCA actions and stated that "[a]s a general rule, domestic liability on the part of the federal government under the Federal Tort Claims Act is determined in accordance with the law of the state where the event giving rise to liability occurred."

*Bierbauer v. Manenti*, No. 4:09CV2142, 2010 WL 4008835, at *10 (N.D. Ohio Oct. 12, 2010) (quoting *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995)). This Court agrees. Therefore, the test for determining which party is correct here is to ask " 'does it significantly affect the results of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?' " *Hanna v. Plumer*, 380 U.S. 460, 466 (1965) (quoting *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109 (1945)).

Although the affidavit issue was before this Court years ago, disposition of the motion that presented the issue did not require the Court to resolve conclusively the applicability of the state requirement. *Teasdale v. Heck*, 499 F. Supp. 2d 967, 970 (S.D. Ohio 2007). There

surprisingly remains no Sixth Circuit case on point. Perhaps the best discussion of the affidavit issue that addresses the *Hanna* question in regard to Ohio's Rule 10(D)(2)(a) is set forth in *Daniel v. United States*, 716 F. Supp. 2d 694 (N.D. Ohio 2010). This persuasive authority examines the nature of the affidavit requirement, its effect on litigation of the sort involved in the instant action, the treatment of similar state rules to FTCA claims in other Circuits, and the treatment afforded the same or similar rules by district court within this District. *Id.* at 697- 99. The Court incorporates and adopts that well-reasoned analysis here in concluding that Plaintiff's failure to comply with Ohio's Rule 10(D)(2)(a) necessitates the dismissal of his complaint. Such a dismissal has the same result in regard to Defendant as it would in regard to a private individual in any malpractice case in which an affidavit is lacking. There is no 28 U.S.C. § 2674 problem.

Today's outcome is in accord with several other judicial officers in this District who have held that Ohio's Rule 10(D)(2)(a) applies in such a manner to FTCA claims. *See Willis v. U.S. Dep't of Veteran's Affairs*, No. 2:12-cv-867, 2013 WL 3155785, at *3-4 (S.D. Ohio June 20, 2013); *Smith v. United States*, No. 2:11-CV-0616, 2011 WL 5101779, at *1 (S.D. Ohio Oct. 26, 2011); *Landis v. United States*, No. 2:08-cv-00723, 2009 WL 825407, at *1 (S.D. Ohio Mar. 27, 2009).

Judicial officers outside this District have reached the same express conclusion. *See Bennafield v. United States*, No. 4:12CV3010, 2013 WL 5173221, at *1-2 (N.D. Ohio Sept. 12, 2013) ("Upon review, the Court finds itself in agreement with what appears to be the overwhelming majority position that these types of [affidavit] requirements are substantive and not in conflict with federal rules."); *Borders v. Lappin*, No. 1:11cv1514, 2013 WL 3804858, at

*3-6 (N.D. Ohio July 19, 2013); *Bierbauer*, 2010 WL 4008835, at *10. *But see Thompson v. United States*, No. 2013 WL 3489347, at *3-5 (N.D. Ohio July 10, 2013) (holding that an *Erie* analysis is unnecessary because Ohio's Rule 10(D)(2)(a) conflicts with the Federal Rules of Civil Procedure).

Other, non-FTCA cases both within and outside this District have turned in part on the holding that Ohio's affidavit of merit requirement constitutes state substantive law. *See Johnson v. Rehab. Servs.*, No. 1:10-cv-554, 2011 WL 3053898, at *6 (S.D. Ohio Apr. 29, 2011); *Perotti v. Medlin*, No. 4:05CV2739, 2009 WL 723230, at *2 (N.D. Ohio Mar. 16, 2009); *Nicholson v. Catholic Health Partners*, No. 4:08CV2410, 2009 WL 700768, at *2-5 (N.D. Ohio Mar. 13, 2009). *But see Muncy v. Siefker*, No. 3:12cv2301, 2013 WL 1284233, at *5 (N.D. Ohio Mar. 26, 2013) (holding that Ohio's Rule 10(D)(2) states a procedural rule).

Having concluded that the Rule 10(D)(2)(a) argument proves dispositive of the motion to dismiss, this Court need not and does not address the parties' arguments concerning Defendant's alternative grounds for dismissal. The Court must address, however, Defendant's request concerning the nature of the dismissal. Defendant reasons that "Plaintiff failed to file an affidavit of merit and explicitly refuses to do so. Thus, the Court should dismiss Plaintiff's claims with prejudice." (ECF No. 47, at Page ID # 304 (citation and parenthetical omitted).) This conclusory reasoning fails to persuade this Court that the instant case demands a harsher dismissal than the without-prejudice dismissal that traditionally results when a plaintiff fails to comply with Ohio's Rule 10(D)(2)(a). Dismissal without prejudice is appropriate.

## III. Conclusion

The Court **GRANTS** Defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** this action. (ECF No. 45.) The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE